14-1722-pr
*Cobar v. D.E.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of April, two thousand fifteen.

PRESENT:    GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            REENA RAGGI,
                        *Circuit Judges.*

---

RENE OSWALD COBAR,

      *Plaintiff-Appellant,*

           v.                                                                    No. 14-1722-pr

DRUG ENFORCEMENT ADMINISTRATION,
ASSET FORFEITURE SECTION (CCF),

      *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**    Rene Oswald Cobar, *pro se*, Oakdale, LA.

**FOR DEFENDANT-APPELLEE:**    Christine I. Magdo, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Rene Oswald Cobar, proceeding *pro se*, appeals from the District Court's March 31, 2014 judgment dismissing his action challenging the Drug Enforcement Administration's ("DEA") administrative forfeiture of $209,775 seized on Cobar's person during his 2004 arrest. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss, including legal conclusions concerning the court's "interpretation and application of a statute of limitations." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. While we review *de novo* a Rule 12(b)(6) dismissal, we "review the district court's ruling on equitable tolling for abuse of discretion." *Alli-Balogun v. United States*, 281 F.3d 362, 367–68 (2d Cir. 2002).

Upon *de novo* review of the record and relevant law, we conclude that the District Court properly dismissed Cobar's action, substantially for the reasons stated in its thorough March 31, 2014 decision—namely, Cobar's action was barred by the relevant statute of limitations. *See* 18 U.S.C. § 983(e)(3) ("A motion [to set aside an administrative forfeiture] may be filed not later than 5 years after the date of final publication of notice of seizure of the property."). The record further reveals that the District Court did not abuse its discretion in denying Cobar equitable tolling.

## CONCLUSION

We have considered all of the arguments raised by Cobar on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 31, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk